# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2015

Lyle W. Cayce
Clerk

No. 14-60320
Summary Calendar

MANUEL ISORO MARTINEZ-OLIVERA, also known as Manuel Isoid Martinez,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 076 309

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Manuel Isoro Martinez-Olivera (Martinez), a native and citizen of Mexico, entered the United States in 1987 without being admitted or paroled. He now petitions this court for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of the immigration judge (IJ) pretermitting his request for cancellation of removal. The primary thrust of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.14-60320

Martinez's petition is that the BIA erred in determining that he was ineligible for cancellation of removal based on his prior Texas conviction for assault family violence, which was determined to be a crime involving moral turpitude. Although we generally lack jurisdiction to review the decision to deny discretionary relief, including cancellation of removal, *see* 8 U.S.C. §§ 1252(a)(2)(B)(i), 1229b, we retain the authority to review "questions of law," § 1252(a)(2)(D), including whether the BIA properly determined that an alien committed a crime involving moral turpitude. *See Hyder v. Keisler*, 506 F.3d 388, 390 (5th Cir. 2007).

The Attorney General has the authority to cancel the removal of a deportable nonresident alien if the alien meets certain conditions. *See* § 1229b(b)(1). However, an alien who has been convicted of a crime involving moral turpitude is not eligible for such relief. § 1229b(b)(1)(C); 8 U.S.C. § 1182(a)(2)(A)(i)(I). Martinez was convicted of violating Texas Penal Code § 22.01(a)(1), which prohibits "intentionally, knowingly, or recklessly caus[ing] bodily injury to another." We have previously upheld the BIA's determination that a conviction under this statute qualifies as a crime involving moral turpitude. *Esparza-Rodriguez v. Holder*, 699 F.3d 821, 823-24 (5th Cir. 2012). Although Martinez asserts that his conviction constitutes a petty offense that does not bar cancellation of removal, his 210-day sentence exceeded six months and thus does not fall under this exception. *See* § 1182(a)(2)(A)(ii)(II). Because the BIA correctly determined that Martinez's assault conviction constitutes a crime involving moral turpitude rendering him ineligible for cancellation of removal, it did not address his argument that his Texas conviction for tampering with a government record was not a crime involving moral turpitude or was a petty offense; we also decline to address this argument.

No.14-60320

Additionally, Martinez asserts that the BIA erred in upholding the IJ's denial of his request for voluntary departure. This court generally lacks jurisdiction over an appeal from the denial of such a request. 8 U.S.C. § 1229c(f). However, because the BIA determined that Martinez's assault conviction rendered him statutorily ineligible for voluntary departure, we have jurisdiction to review this legal question. *See* § 1252(a)(2)(D); *Hyder*, 506 F.3d at 390. Because Martinez's assault conviction constitutes a crime involving moral turpitude occurring less than five years before his request for voluntary departure, the BIA correctly determined that Martinez was statutorily ineligible for relief. *See* 8 U.S.C. §§ 1229c(b)(1)(B), 1101(f)(3). Accordingly, Martinez's petition for review is DENIED.

3